1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS E. STEWART, and H. ALICE CHEN,

            Plaintiffs,

  v.

XINCHANG ZHONGKE ELECTRIC CO., LTD., XINCHANG THUNDEREAGLE CO., LTD., SHENZHOU HOWRICH IMPORT & EXPORT CO., LTD., and BRENDA XING,

            Defendants.

                             /

No. C 16-01407 WHA

**ORDER QUASHING SERVICE**

Pro se plaintiffs were ordered to show cause why service should not be quashed for failing to comply with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters when serving defendants in China. Article 3 of the Hague Convention requires the documents to be served to be transmitted to the "Central Authority of the State Addressed," and Article 5 provides that "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency . . . ."

Plaintiffs did not transmit the summons and complaint to the Central Authority in China but rather attempted service at defendants' places of business in China via FedEx. This plainly does not comply with Articles 3 and 5 of the Hague Convention.

**United States District Court**
For the Northern District of California

1            Article 10(a) of the Hague Convention provides that "the present convention shall not

2 interfere with [] the freedom to send judicial documents, by postal channels, directly to persons

3 abroad" but does not specify how service by postal channels may be used.  Plaintiffs note that

4 Rule 4(f)(2) of the Federal Rules of Civil Procedure permits service by means that are allowed

5 by the Hague Convention, although the means are not specified therein.  Thus, plaintiffs

6 contend that service via FedEx constitutes proper service in China under the Hague Convention.

7 Not so.

8            Plaintiffs omit key prefatory language from Rule 4(f)(2), which permits alternative

9 means under the Hague Convention "unless prohibited by the foreign country's law . . . ."

10 China expressly rejected Article 10 of the Hague Convention.  Hague Convention, China

11 Declarations and Notifications, ¶ 3.  Accordingly, service by postal channels in China is

12 inadequate under Rule 4(f)(2).

13            Nor can plaintiffs rescue their attempt at service via Rule 4(f)(3), which provides for

14 service "by other means not prohibited by international agreement, as the court orders."

15 Plaintiffs never sought a court order permitting alternative service under Rule 4(f)(3), and no

16 such order issued.

17            Accordingly, service on defendants is **QUASHED**.

18            The Court is sympathetic to plaintiffs' efforts to pursue their claims, however, the rules

19 must be followed carefully.  Plaintiffs shall have until **SEPTEMBER 20** to properly serve

20 defendants.  If service is not effected by that deadline, the Court will entertain a motion for a

21 further extension supported by a sworn declaration showing prompt and diligent efforts.

22

23            **IT IS SO ORDERED.**

24

25 Dated:   June 20, 2016.

26                                         WILLIAM ALSUP
                                         UNITED STATES DISTRICT JUDGE

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California